IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY SAUL ROSALES,

    Petitioner,                    No.  2:13-cv-1463 CKD P

    vs.

GARY SWARTHOUT,

    Respondent.              ORDER AND

_____/      FINDINGS AND RECOMMENDATIONS

      Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the Governor's December 16, 2011 decision reversing the Board of Parole Hearings' grant of parole.  In the petition's sole claim, petitioner asserts that the Governor's reversal pursuant to California's Proposition 89 constitutes a violation of the ex post facto clause of the United States Constitution.

      Petitioner states that this claim has not been presented to the California Supreme Court, as trial transcripts from the civil rights class action, <u>Gilman v. Schwarzenegger</u>, 2:05-cv-830 LKK GGH (E.D. Cal.), "will not be available until August and will provide relevant and supporting evidence for the state petition.  So this petition has not yet been filed." (ECF No. 1 at 4.)  Petitioner asks that this court stay the petition pending his exhaustion of state remedies.  (<u>Id.</u> at 5, 14.)

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). While a "mixed" petition may be stayed pending exhaustion, the court cannot stay a wholly unexhausted petition. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). As the Ninth Circuit explained:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims.... Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.

Raspberry, 448 F.3d at 1154. See also Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obliged to dismiss immediately a petition containing no exhausted claims).

Accordingly, the petition should be dismissed without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

2. The Clerk of Court is directed to assign a district judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified

////

////

1 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 (9th Cir. 1991).

Dated: August 9, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
rosa1463.103